14-3130-cr
*United States v. Persad*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand fifteen.

PRESENT: GUIDO CALABRESI,
CHESTER J. STRAUB,
DEBRA ANN LIVINGSTON,

*Circuit Judges*.

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                          No. 14-3130-cr

RANDY S. PERSAD,

*Defendant-Appellant*.

_____

FOR APPELLEE:          JEFFREY C. COFFMAN and RAJIT S. DOSANJH, Assistant
                       United States Attorneys, *for* Richard S. Hartunian, United
                       States Attorney for the Northern District of New York,
                       Syracuse, NY.

FOR APPELLANT:         MOLLY CORBETT, *for* Lisa Peebles, Federal Public
                       Defender, Albany, NY.

_____

Appeal from the United States District Court for the Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the matter is **REMANDED** to the district court for further proceedings, and the motion to supplement the appellate record and for judicial notice is **DENIED**.

Defendant-Appellant Randy S. Persad ("Persad") appeals the August 4, 2014 judgment of the district court sentencing him principally to 48 months' imprisonment, consecutive to the indeterminate Vermont state sentence which Persad was then serving. Persad also moves to supplement the record on appeal with certain documents, including letters from Vermont corrections officials explaining how federal and state sentences interact in the Vermont corrections system. Persad argues primarily that the district court did not intend the federal sentence to have the effect of extending Persad's state sentence to the maximum term of fourteen years, and that the letters from Vermont corrections officials demonstrate that the imposition of a consecutive federal term of imprisonment will have that unintended effect. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We believe that Persad is correct in stating that the district court did not intend its federal sentence to extend the term of Persad's Vermont sentence. At the sentencing hearing, defense counsel told the court that, under Vermont correctional practices, imposition of a consecutive federal sentence would require Persad to serve the fourteen-year maximum term of his five-to-fourteen-year state sentence. The district court replied that it had "no intentions that Mr. Persad, based upon his conduct, should serve twenty years . . . rounding up," but that it would not "take Mr. Persad's word about the way in which the Vermont sentence works." App. 72-73. The

district court explained further that it "would be happy to reconsider the sentence . . . imposed," "[i]f somebody establishe[d] that" the Vermont corrections system works in the way described. *Id.* at 73. Defense counsel has now procured letters from Vermont corrections officials that purport to establish just that, and Persad has filed a motion to supplement the record on appeal with these letters. The government, however, disputes that these letters say what Persad claims, and argues that Vermont statutes and regulations point to the conclusion that Persad's federal sentence will have no effect on the duration of his Vermont prison term.

It would not be appropriate for us to grant Persad's motion to supplement the record with these letters, *see* Fed. R. App. P. 10(e)(2) (record may be supplemented only with materials "omitted from . . . the record by error or accident"), and neither would it be proper for us to take judicial notice of their contents, *see Pina v. Henderson*, 752 F.2d 47, 50 (2d Cir. 1985) ("A court should not" take judicial notice of a fact "that is an essential part of a party's case unless the fact is clearly beyond dispute."). We therefore deny Persad's motion to supplement the record and to take judicial notice.

We express no opinion regarding the accuracy of the letters' statements of Vermont corrections practices; the effect of Persad's consecutive federal sentence on his Vermont term of imprisonment is a question that we decline to consider in the first instance, and which may require further fact-finding. We therefore remand in accordance with the procedures of *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), for the district court to address the disputed issue of Vermont law and practice in the first instance, and to conduct any further fact-finding that may be required. The district court may also conduct such further sentencing proceedings as it deems appropriate.

For the reasons stated above, we **DENY** Persad's motion to supplement the record and **REMAND** the case for further proceedings consistent with this order. Upon the conclusion of

the proceedings before the district court, either party may restore jurisdiction to this Court by filing with the Clerk within fourteen days of the district court decision a letter (along with a copy of the relevant order or transcript) advising the Clerk that jurisdiction should be restored. In the interest of judicial economy, the renewed appeal will be assigned to this panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4